UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH ROWE, JR.

    Plaintiff,

v.                                                      Case No. 8:24-cv-1430-CPT

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

**O R D E R**

    Before the Court is the Plaintiff's unopposed motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 20). For the reasons discussed below, the Plaintiff's motion is granted.

I.

    The Plaintiff initiated this action in June 2024 seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). In September 2024, the Commissioner filed a motion asking that judgment be entered in the Plaintiff's favor and that the case be remanded in accordance with sentence four of 42 U.S.C. § 405(g). (Doc. 16). The Court granted the Commissioner's request (Doc. 17), and the Clerk of Court entered

Judgment for the Plaintiff the same day (Doc. 18). The instant motion, uncontested by the Commissioner, followed. (Doc. 20).

## II.

The EAJA authorizes a court to grant attorneys' fees to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust. 28 U.S.C. § 2412(d). To warrant the issuance of fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and his net worth must not have exceeded $2,000,000 at the time he commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, it is appropriate to grant attorneys' fees pursuant to the EAJA in this case.

In assessing the fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States]

2

> shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney[s'] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, an analysis of the proper hourly rate under the Act consists of two steps. First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125. The Court is not alone in this observation. *See, e.g.*, *Roman v. Comm'r of Soc. Sec.*, 2024 WL 3046249, at *1 (M.D. Fla. June 18, 2024); *Goldstein v. Comm'r of Soc. Sec.*, 2024 WL 2019866, at *1 (M.D. Fla. May 7, 2024); *Burke v. Comm'r of Soc. Sec.*, No. 8:21-cv-1267-MSS-SPF, (Doc. 25) (M.D. Fla. Apr. 25, 2022), *report and recommendation adopted*, (Doc. 26) (M.D. Fla. May 23, 2022); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335, at *2

(M.D. Fla. Apr. 29, 2022); *Britt v. Comm'r of Soc. Sec.*, 2022 WL 358674, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 356218 (M.D. Fla. Feb. 7, 2022). The Court therefore finds there is a sufficient basis to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010);[1] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions utilizing the CPI to evaluate hourly rate adjustments). Given this case authority, the Court finds it reasonable to employ the CPI as a guide for determining cost of living increases under the EAJA. *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited Oct. 24, 2024).

Here, the Plaintiff seeks $7,342.88 in attorneys' fees predicated upon a total of 29.3 hours expended in this action by his lawyers, Jason Quick and Kira Treyvus, at the hourly rates of $243.75 in 2023 and $251.25 in 2024. (Doc. 20 at 6). To buttress his fee request, the Plaintiff submits, *inter alia*, an itemized schedule of the services Mr.

---

[1] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

Quick and Ms. Treyvus rendered in the case. (Doc. 20-1). The Commissioner does not dispute the Plaintiff's calculated fee figure. (Doc. 20 at 6).

In light of the Commissioner's lack of opposition, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the total number of hours and the hourly rates claimed by counsel are both reasonable and adequately supported. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comm'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021). The Plaintiff is thus entitled to $7,342.88 in attorneys' fees.

In addition to this amount, the Plaintiff seeks $112.50 in paralegal fees stemming from a total of 1.5 hours of work performed by a paralegal at the hourly rate of $75 in assisting Mr. Quick and Ms. Treyvus. (Doc. 20 at 6). To bolster this portion of his fee request, the Plaintiff submits an itemized schedule of the labor undertaken by the paralegal. (Doc. 20-1). The Commissioner does not contest this relief either. (Doc. 20 at 6).

It is well settled that paralegal fees are recoverable under the EAJA where the hourly rate and the time expended are reasonable and the services completed are of the type normally engaged in by a lawyer. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (ruling that paralegal fees are recoverable under the EAJA at the prevailing market rate); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (explaining that paralegal fees are compensable "to the extent that the paralegal perform[ed services] traditionally done by an attorney"). After careful review, the Court finds that

5

the amount of time and the hourly rate claimed by the paralegal are both appropriate and properly supported, and that the work completed by the paralegal is consistent with that usually provided by counsel. *See Feaster v. Comm'r of Soc. Sec.*, 2022 WL 1555435, at *2 (M.D. Fla. May 17, 2022); *Barreras*, 2021 WL 3934269, at *3. As a result, the Plaintiff is entitled to $112.50 in paralegal fees.

Finally, the Plaintiff asks that he be permitted to recover the $405 filing fee he paid to initiate this lawsuit. (Doc. 20 at 25). The Commissioner also does not object to this relief. *Id.* at 6.

Numerous courts in this District have determined that filing fees are a compensable cost under the EAJA. *See, e.g.*, *Tocco v. Comm'r of Soc. Sec.*, 2022 WL 16947863, at *2 (M.D. Fla. Nov. 14, 2022) (finding the claimant's filing fee to be recoverable under the Act), *report and recommendation adopted*, 2022 WL 16954494 (M.D. Fla. Nov. 15, 2022); *Decardenas v. Acting Comm'r of Soc. Sec.*, 2022 WL 4125049, at *2 (M.D. Fla. Aug. 9, 2022) (same); *Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (same). That said, several courts have concluded that unlike attorneys' fees, which are reimbursed by the Social Security Administration, filing fees and other such covered costs must be drawn from the Judgment Fund administered by the Department of the Treasury. *See, e.g.*, *Kay v. Comm'r of Soc. Sec.*, 2021 WL 9595995, at *1 (M.D. Fla. Oct. 4, 2021) (explaining that a filing fee is awardable as a "cost," while a service of process fee is compensable as an "expense," and that these amounts are paid out of two separate funds); *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021) ("'[U]nder the EAJA, costs, including

fees of the clerk, are reimbursed from the [J]udgment [F]und administered by the Department of the Treasury[.]'") (quoting *Walker v. Astrue*, 2010 WL 2572519, at *1 (N.D. Fla. June 1, 2010), *report and recommendation adopted*, 2010 WL 2572517 (N.D. Fla. June 22, 2010)), *report and recommendation adopted*, 2021 WL 4060304 (M.D. Fla. Sept. 7, 2021); *Selby v. Kijakazi*, 2022 WL 1205626, at *3 (N.D. Fla. Feb. 10, 2022) (directing that the "[f]ees of the clerk" awarded to the claimant be "paid from the Judgment Fund administered by the United States Treasury"), *report and recommendation adopted*, 2022 WL 1204129 (N.D. Fla. Apr. 22, 2022). Based upon this line of decisions, the Court finds that the Plaintiff is entitled to recover from the Judgment Fund the $405 filing fee he was charged to commence this matter. *See* 31 U.S.C. § 1304.

### III.

For the reasons set forth above, it is hereby ORDERED:

1. The Plaintiff's motion for attorneys' fees and costs pursuant to the EAJA (Doc. 20) is granted.

2. The Plaintiff shall be awarded fees in the amount of $7,455.38 and costs in the amount of $405, the latter of which shall be paid from the Judgment Fund pursuant to 31 U.S.C. § 1304.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of these sums shall be made payable to the Plaintiff. If the

Commissioner concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyers.

SO ORDERED in Tampa, Florida, this 24th day of October 2024.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record